## DE URRIES v. ROJAS.*
### No. 8678.

Circuit Court of Appeals, Ninth Circuit.

May 4, 1938.

*Rehearing denied June 22, 1938.

Oscar Lawler and Max Felix, both of Los Angeles, Cal., for appellant.

Louis W. Myers and Pierce Works, both of Los Angeles, Cal. (O'Melveny, Tuller & Myers and Richard R. Von Hagen, all of Los Angeles, Cal., of counsel), for appellees.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellant sued in equity to establish a constructive trust in certain stock and money. From a judgment of dismissal she appealed.

Briefly stated, the facts are as follows: Appellant is the widow of Carlos del Amo. Carlos and his brother, Jaime, were adopted sons of Susana de del Amo. The latter died in 1931, leaving a will in which she bequeathed, in trust, for Carlos and Jaime the sum of $100,000 each, the trust to terminate as to each beneficiary when he should reach the age of thirty-five years. Carlos died at the age of twenty-eight, soon after the death of his foster mother.

leaving a widow (the appellant) but no issue.

In respect of these trust bequests the will contained the following provisions:

"In the event that either of my said sons should die before attaining the age of thirty-five years, leaving no issue him surviving, then I will, devise and bequeath the trust fund herein devised to the survivor, to be held, though, by said trustee until the said survivor attains the age of thirty-five years; provided, however, that in the event of the death of either of said sons before attaining the age of thirty-five years he should die leaving him surviving a wife and issue, I then will, devise and bequeath the trust fund belonging to my said son so dying to his wife and issue per capita; that is, the wife shall be counted with the issue to determine the fractional proportion into which said sum shall be divided.

"In the event that either of my said sons should die before attaining said age of thirty-five years without wife or issue, then I will, devise and bequeath said trust fund in the hands of the trustee at the date of the death of the survivor to the children of my sisters Victoria D. de Carson and Dolores D. de Watson then living, in equal shares."

The estate of the testatrix was distributed in 1933 by decree of the superior court of California. The decree recites, in conformity with the petition for distribution, that Carlos had died leaving him surviving no widow or issue; and the trust fund bequeathed to him was distributed to the trustee of his surviving brother, who was at that time still under the age of thirty-five.

Subsequent to the distribution the appellant brought this suit, alleging that she had no notice or knowledge of the probate proceedings, and claiming that as the widow of Carlos she was entitled to take the trust fund created for his benefit; and that the decree of the probate court was procured by fraud. Appellees pleaded a number of defenses, among them being one to the effect that, Carlos having died without issue, his widow was not by the terms of the will entitled to the trust fund. The trial court, under assumed authority of Equity Rule 29, 28 U.S.C.A. following section 723, treated this defense as a plea in bar and proceeded to hear and dispose of it separately. No question is made here of the propriety of this procedure. Upon the determination of this limited issue adversely to appellant, her bill was dismissed.

The judgment below must be affirmed. The quoted portion of the will clearly provides that upon the death of either son before attaining the age of thirty-five years, leaving no issue, the trust fund devised was to go to the survivor subject to the terms of the trust. Carlos died without .issue before having attained that age, and the trust fund was properly distributed to the survivor. It is argued by appellant that the intention of the testatrix was to make such disposition only if there was neither wife nor issue. Otherwise, it is said, the proviso in the quoted clause would have the necessary effect of cutting off the issue if there was no wife surviving. To prevent such result, obviously not intended by the testatrix, it is urged that the phrase in the proviso "leaving him surviving a wife and issue" should be read in the disjunctive.

There is no merit in the contention. While not directly stated, it is necessarily implied from the language of the will that the trust property is to go to the issue of the son, should he die before thirty-five leaving issue. If either son were to die before that age leaving both wife and issue, the wife is to share. She takes nothing if there be no issue.

It is said that the residuary clause of the will makes disposition of other property to the widow or issue of either son, in the event of his death before age thirty-five; and that a similar intent must be found in respect of the disposition of the trust fund in question. However, other provisions of the will have no relevancy. The sole province of the court is to give effect to the intention of the testatrix as she has expressed it in the language of the testament.

Judgment affirmed.